UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONNEY MARTINEZ, <br><br>            Petitioner, <br><br>     v. <br><br>KELLY RYAN <br><br>            Respondent. | CIVIL ACTION <br><br> NO. 16-30036-TSH |

### ORDER AND MEMORANDUM ON PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS (Docket No. 1)

**November 8, 2018**

**HILLMAN, D.J.**

On February 17, 2012, Ronney Martinez ("Martinez") was convicted of three counts of home invasion, breaking and entering in the nighttime to commit a felony, assault and battery with a dangerous weapon, unlawful carrying of a firearm, unlawful possession of ammunition, and possession of a firearm in the commission of a felony. Martinez appealed to the Massachusetts Appeals Court, which affirmed his conviction on September 4, 2014. *Commonwealth v. Morales*, 86 Mass. App. Ct. 1110, 2014 WL 4355625 (Sept. 4, 2014), *review denied*, 470 Mass. 1103, 23 N.E.3d 105 (2014). Martinez sought further appellate review by the Massachusetts Supreme Judicial Court, which denied his petition on November 26, 2014. *See Commonwealth v. Martinez*, 470 Mass. 1103, 23 N.E.3d 105 (2014). On June 7, 2016, Martinez petitioned this Court for writ of habeas corpus pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. Martinez alleged the following grounds for relief:

Ground One: The Commonwealth failed to provide legally sufficient evidence of each essential element of the firearms offenses to support the judgement of conviction. Specifically, there was insufficient evidence that Martinez possessed a firearm or was aware that another person had such a firearm. Therefore, Martinez was denied due process of law.

Ground Two: The Prosecutor's closing argument was highly improper and denied Martinez a fair trial.

Ground Three: Martinez did not receive effective assistance of counsel.

For the reasons stated below, Martinez's petition for writ for habeas corpus (Docket No. 1) is *denied*, subject to the conditions described.

## Background

The Massachusetts Court of Appeals summarized the evidence introduced at Martinez's trial as follows:

> Madeline, Jaritza, and Audeliz Nieves are siblings. All of them share a second-floor apartment in a three-story apartment building located at 312 Liberty Street in Springfield.
> The defendants [Jonathon Morales, Jean Pinero, and Martinez] were in attendance. Madeline and one of her brothers tried to disperse guests who had loitered on the grounds after the party. A fight ensued, erupting into a melee.
> After the melee, Pinero verbally threatened the Nieves family. The Nieves family retreated back into the apartment building. The defendants forced their way through the rear exterior door and pursued them. Madeline saw the defendants climbing the stairs just before she and her family made it to their second-floor apartment. She closed and locked the apartment door. Less than thirty seconds after the downstairs break-in, multiple gunshots were fired through the door to the Nieves's apartment. One shot hit Madeline. She could not see who fired the shots.
> Two guests telephoned 911. Police officers arrived within minutes. A group outside the building warned police that another group nearby had a gun. That other group included the defendants.
> As the officers approached him, Morales fled and then resisted arrest, but was subdued by the police. He was driven to a site for a showup. He stood at least thirty feet away from witnesses and yelled, "Any of you niggas identify me, I will be back to kill you." Jaritza sat in a police cruiser during the showup and did not hear the threat; she identified the defendants as the ones who broke into the building.
> The police found no weapons on the defendants. The gun that shot Madeline never was recovered. Gunshot residue (GSR) tests on the defendants and on samples of their clothing were negative.

*Morales*, 2014 WL 4355625, at *1.

## Legal Standard

### 1. AEDPA

The standard of review for habeas corpus petitions is set forth in 28 U.S.C. § 2254(d), as amended by the AEDPA. *Harrington v. Richter*, 562 U.S. 86, 97, 131 S.Ct. 770 (2011). Under this standard, a federal court may only grant the writ if the underlying state court adjudication resulted in a decision that either "(1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Brown v. Ruane*, 630 F.3d 62, 66-67 (1st Cir. 2009) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

A state court decision is "contrary to" clearly established Supreme Court precedent when "it applies a rule that contradicts the governing law set forth in the Court's cases or if it confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a different result." *Price v. Vincent*, 538 U.S. 634, 634-35, 123 S.Ct. 1848 (2003). A state court unreasonably applies clearly established Supreme Court precedent "if it correctly identifies the governing legal rule but applies that rule unreasonably to the facts of a particular case." *White v. Woodall*, 134 S.Ct. 1697, 1706 (2014). "Evaluating whether a rule application was unreasonably requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *see also Williams v. Taylor*, 529 U.S. 362, 410, 120 S.Ct. 1495 (2000) ("an *unreasonable* application of federal law is different from an *incorrect* application of federal law."). Thus, in order to prevail on a petition for habeas under 28 U.S.C. § 2254(d)(1), the

petitioner must demonstrate that "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 101, 131 S.Ct. 770.

Petitioner is also entitled to habeas relief if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Under 28 U.S.C. § 2254(e)(1), "'a determination of a factual issue made by a State court shall be presumed to be correct.' The petitioner bears the burden of overcoming that presumption by proving 'clear and convincing evidence.'" *Teti v. Bender*, 507 F.3d 50, 57 (1st Cir. 2007); *see also Mastracchio v. Vose*, 274 F.3d 590, 598 (1st Cir. 2001) ("A habeas petitioner therefore must clear a high hurdle before a federal court will set aside any of the state court's factual findings."). In addition, "[t]he 'presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact.'" *Teti*, 507 F.3d at 58 (quoting *Norton v. Spencer*, 351 F.3d 1, 6 (1st Cir. 2003)).

In addition, a petitioner is not entitled to habeas relief on the basis of a non-structural constitutional error, unless he "can establish that it resulted in 'actual prejudice.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710 (1993). Specifically, a petitioner must show that the error "had substantial and injurious effect or influence in determining the jury's verdict." *Id.* (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S. Ct 1239 (1946)). Further, "when a state court determines that a constitutional violation is harmless, a federal court may not award habeas relief under § 2254 unless *the harmlessness determination itself* was unreasonable." *Fry v. Pliler*, 551 U.S. 112, 119, 127 S.Ct. 2321 (2007) (emphasis in original); *see also Connolly v. Roden*, 752 F.3d 505, 511 (1st Cir. 2014) ("There is clear logic [to this framework]: if an error had

a 'substantial and injurious' effect on a jury's verdict . . . then it is necessarily unreasonable to conclude that the error was harmless beyond a reasonable doubt.").

## 2. Exhaustion Requirement

Federal courts "will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." *Adelson v. DiPaola*, 131 F.3d 259, 261 (1st Cir. 1997) (citation omitted). The exhaustion requirement provides "the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004). "Where, as here, a state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted available state remedies." *Josselyn v. Dennehy*, 475 F.3d 1, 3 (1st Cir. 2007).[1]

The Supreme Judicial Court has the power of discretionary review over decisions of the Massachusetts Appeals Court. An unsuccessful party before the Appeals Court seeks discretionary review from the SJC by filing an application for leave to obtain further appellate review ("ALOFAR"). Mass R.App. P. 27.1(b). The ALOFAR must include "a statement of the points with respect to which further appellate review of the decision of the appeals court is sought." *Id.* 27(b)(4); *see also Baldwin*, 541 U.S. at 31, 124 S.Ct. 1347 (noting that a requirement that the highest state court review the lower appellate opinion to consider issues not included in the petition for discretionary review "would impose a serious burden upon judges of state appellate courts."). The ALOFAR is "the decisive pleading" for purposes of determining whether the petitioner has satisfied the exhaustion requirement. *Adelson v. DiPaola*, 131 F.3d 259, 263 (1st Cir. 1997). Thus,

---

[1] A petitioner need not exhaust his claims if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Additionally, the Commonwealth may expressly waive the requirement. 28 U.S.C. § 2254(b)(3). I find that none of these exceptions apply here and therefore do not address them.

exhaustion requires that the issue must be raised "within the four corners of the ALOFAR." *Mele v. Fitchburg Dist. Court*, 850 F.2d 817, 820 (1st Cir. 1988).

### 3. Mixed Petitions

The Supreme Court has made clear that a federal district court cannot adjudicate a mixed habeas corpus petition, that is, a petition containing both exhausted an unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 518-19, 102 S.Ct. 1198 (1982). The petitioner may return to state court in order to exhaust his claims or may amend and resubmit the habeas petition to present only the exhausted claims. *Id.* at 510, 102 S.Ct. 1198. As part of AEDPA, however, Congress adopted a one-year statue of limitations for the filing of fully-exhausted claims in a federal habeas petition and did not provide for the tolling of the limitations period while a habeas petition was pending in federal court. *See Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S.Ct. 2120 (2001). Consequently, petitioners who come to federal court with a mixed petition run the risk of forever losing their opportunity for any federal review of their unexhausted claims. This is because dismissal of a timely filed federal habeas petition containing unexhausted claims after the limitations period has expired will likely mean the termination of any federal review. To remedy this problem, the Supreme Court approved a "stay and abeyance" procedure whereby rather than dismissing a mixed petition, a district court can stay the petition and hold it in abeyance while the petitioner exhausts the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005). Once all of the claims have been exhausted, the district court can lift the stay and adjudicate the petition.

The Court in *Rhines*, however, recognized that applying the "stay and abeyance" procedure too frequently could undermine Congress' intent under the AEDPA to encourage finality in criminal proceedings and to streamline the federal habeas process. *Rhines*, 544 U.S. at 277, 125 S.Ct. 1528. Thus, to obtain a stay of a mixed petition, the petitioner must show that there was

<007>

"good cause" for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics. *Id.* at 278, 125 S.Ct. 1528. While there is little authority on what constitutes "good cause" for failing to exhaust state remedies, the First Circuit has made clear that a decision by an attorney "to omit some claims [in state appellate proceedings] cannot amount to good cause" for a stay. *Clements v. Maloney*, 485 F.3d 158, 170 (1st Cir. 2007).

## Discussion

In his ALOFAR, Martinez states the "*sole issue* forwarded by this Application relates to the hearsay statement of an unknown and anonymous declarant." (S.A. 265). Thus, Martinez has exhausted Ground III of his claim. Martinez did not argue in his ALOFAR, however, that his due process rights were violated because of either insufficiency of the evidence for the firearm offenses or the prosecutor's closing argument (Grounds I and II of his petition to this Court) rendering this a mixed petition.

The First Circuit has made clear that the decision to omit claims in an ALOFAR does not constitute good cause for a stay. *See Clements*, 485 F.3d at 170. In any event, Martinez's unexhausted claims are likely procedurally defaulted. *See Logan v. Geib*, 52 F. Supp. 3d 122, 129-30 (D. Mass. 2014) (failure to raise on direct appeal issue that was knowable at time of appeal constitutes waiver which is procedural default for purpose of habeas petition). Therefore, because Martinez has failed to show good cause, I will not issue a stay and abeyance to allow him to return to state court to exhaust his claims based on Grounds I and II.

The Supreme Court has made clear that even if the district court determines that a stay is inappropriate, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair

the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 279, 125 S.Ct. 1528.  Therefore, I will grant Martinez thirty days from the date of the entry of this memorandum and order to inform the court whether he intends to proceed in this court on his exhausted claims.  If, after thirty days, Martinez does not inform the court of his intention to proceed here on his exhausted claims, the order denying his petition for relief will become final.

## Conclusion

For the reasons stated above, Martinez's petition for habeas corpus (Docket No. 1) is ***denied*** subject to the conditions that:

(1) Martinez has thirty (30) days from the date of the entry of this memorandum and order to advise this court whether he intends to proceed on the basis of his exhausted claims;

(2) At the conclusion of the thirty (30) days, unless this court has been advised of Martinez's intention to proceed with his exhausted claims, this conditional denial will become final.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**